UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

ROBIN DEGNER,

       Plaintiff,

v.                                                                      Case N0 16-cv-000674-WMC

JUNEAU COUNTY,

       Defendant.

_____

DEFENDANT'S MEMORANDUM REGARDING THE USE OF PROGRESSIVE
DISCIPLINE POLICY IN CLOSING ARGUMENTS
_____

Plaintiff Degner seeks to argue that her FMLA interference claim can be established, in part, (1) on the basis that the County did not follow its progressive discipline steps (verbal warning, written reprimand, suspension, involuntary termination); and/or (2) on the basis that the County did not properly notify Degner of her performance deficiencies. Such arguments would be improper.

    A. <u>Progressive Discipline Steps.</u>

First, the County's alleged failure to follow the progressive discipline steps of its policy (verbal warning, written reprimand, suspension, involuntary termination) cannot be introduced to establish pretext. An employer's failure to follow its progressive discipline policy is not evidence of pretext. *See Anderson v. Stauffer Chem. Co.*, 965 F.2d 397, 403 (7th Cir. 1992) (an employer is not required to use its progressive discipline policy); *Hague v. Thompson Distr. Co.*, 436 F.3d 816, 828 (7th Cir. 2006); *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 541 (7th Cir.

1

2007); *Jones v. Ill. State Toll Highway Auth.*, 502 Fed. Appx. 587 (7th Cir. 2013); *Zilisch v. R.J. Reynolds Tobacco Co.*, No. 10-cv-474-bbc, 2011 U.S. Dist. LEXIS 154501, at *28 (W.D. Wis. June 21, 2011) ("However, defendant's corrective action policy does not require that progressive discipline be applied in every situation; rather it states that some offenses merit immediate termination. Plaintiff's belief that her violation warranted progressive discipline is not evidence that defendant's justification for terminating her was pretextual.").

While may seek to distinguish these cases on the basis that the applicable policies were voluntary, Juneau County's progressive discipline policy "by its terms" is voluntary. It states:

> The degree of disciplinary action shall be tailored to the offense. It is **not** necessary that a series of notices (progressive discipline) be given for a serious instance of misconduct, which would more properly be handled by an immediate suspension or termination. Neither would it be appropriate, for example, to suspend an employee for being tardy for the first time, when a verbal or written warning would suffice.

(Pl.'s Exhibit 89) (emphasis added).

Plaintiff relies on *Davis v. Wis. Dep't of Corr.*, 445 F.3d 971 (7th Cir. 2006) to assert that the County's progressive discipline policy must be admitted to establish pretext. However, that case is distinguishable. There, the evidence established that the applicable progressive discipline policy was strictly enforced, that no similarly situated white employees were similarly disciplined for violations of "the very same work rule," and that the defendants were unaware of any other instances where the policy was not enforced. *Id*. at 975, 979.

Defendant believes the case of *Kohls v. Beverly Enterprises*, 259 F.3d 799 (7th Cir. 2001) is more directly on point. In that case, the plaintiff sought to introduce evidence that Beverly Enterprises failed to follow its discipline and counseling procedures set forth in its written discipline policy. *Id*. at 806. Although the court noted that Kohls was correct that the company

failed to follow its internal written policy, the court stated that because the policies were merely a guide and did not have to be followed in all instances – just like Juneau County's policy – it was within the discretion of the executive director to terminate Kohls on the spot rather than initiate the formal disciplinary process. *Id*. The court concluded, as it had many times in the past, that it was not the court (or the jury's) role to make suggestions on how to deal with employees more fairly or effectively. *Id*. (*citing Dale v. Chi. Tribune Co*., 797 F.2d 458, 464 (7th Cir. 1986)). That is a role for the County's personnel department. *Id*.

Here, the progressive discipline policy clearly indicates that it is "<u>not</u> necessary that a series of notices (progressive discipline) be given." (Pl.'s Exhibit 89) (emphasis added). As there is no evidence that the policy's progressive discipline steps were mandatory or any other evidence to establish that the County, in practice, strictly applied the progressive discipline steps, it cannot be used to establish pretext.

    B. <u>Notification of Performance Issues.</u>

Plaintiff may also seek to use Juneau County's progressive discipline policy to argue that her FMLA interference claim can be established on the basis that the County did not properly notify Degner of her performance deficiencies. As an initial matter, the evidence presented has established that Degner was, in fact, notified of her performance issues. Not only did Degner have regular meetings with Ethun to discuss the overall operation unit and her performance, she also testified that Mr. Ethun regularly took notes of such meetings. Additionally, she was also placed on a formal written performance improvement plan in December 2014. (Pl's Exhibit 9). Thus, she cannot deny she was notified of performance issues.

However, even ignoring this evidence, employers are generally not obligated to inform their employees of performance deficiencies. In holding that the failure to document performance problems "does not create an inference of pretext," the court in *Hague*, stated:

> …in complaining about the lack of documentation, the plaintiffs are not really challenging the veracity of Thompson Distribution's proffered reason, but are rather attempting to impermissibly increase Thompson Distribution's burden from a burden of production to a burden of proof. This is impermissible. *See Burdine*, 450 U.S. at 256-57 (holding that "the employer's burden is satisfied if he simply explains what he has done or produces evidence of legitimate nondiscriminatory reasons[,]" and reversing the appellate court's decision which "required much more: it placed on the defendant the burden of persuading the court that it had convincing, objective reasons for preferring the chosen applicant above the plaintiff") (internal citations omitted).

*Hague*, 436 F.3d at 827 (*citing Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256-57 (1981)).

Similarly here, Degner's attempt to use the progressive discipline policy's notification provision is impermissible. While Degner takes issue with Ethun's alleged failure to notify her of performance deficiencies in "all instances" in accordance with the County's policy (Pl.'s Exhibit 89), she does not dispute that many of the performance concerns or complaints were, in fact, brought to her attention.

Moreover, Degner asserts that Ethun failed to notify her of his documentation of her performance issues <u>throughout</u> her employment. As performance issues were documented both <u>before</u> and after Degner's FMLA leave without notification (as Degner asserts), any alleged failure to notify Degner of issues cannot be said to be related to her FMLA leave. While it is true that courts have stated that an employer's failure to follow mandatory policies may be evidence of pretext, this is only on the basis that "an employer's failure…may show that the employer never really thought the employee had any deficiencies, and thus that the employer's

asserted reason for termination (deficient performance) might be pretextual. *Fortier v. Ameritech Mobile Communs.*, 161 F.3d 1106, 1114 (7th Cir. 1998) (analyzing *Giacoletto v. Amax Zinc Co.*, 954 F.2d 424, 427 (7th Cir. 1992)). Here, because Ethun's alleged failure to properly document performance concerns "with the employee's knowledge" throughout Degner's employment, it cannot be said that his alleged failure to follow the internal protocol is evidence that the performance issues were a pretextual reason for her termination. *See e.g.*, *Fortier*, 161 F.3d at 1114 (failure to give a formal written counseling statement pursuant to a policy could not support a jury verdict of pretext when Defendant repetitively warned and counseled the Plaintiff); *see also Jajeh v. Cook Cty.*, 678 F.3d 560, 572 (7th Cir. 2012) (failure to follow internal employment procedures do not support pretext when the failure to follow the procedures affected all employees).

Dated this 18th day of April, 2018.

Respectfully Submitted,

LINDNER & MARSACK, S.C.

BY: \_/s/ Oyvind Wistrom _____
Oyvind Wistrom
State Bar 1024964
411 East Wisconsin Ave., Suite 1800
Milwaukee, WI 53202
(414) 273-3910 (Phone)
(414) 298-9873 (Fax)
owistrom@lindner-marsack.com

Counsel for Defendant.